WARREN METLITZKY (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: wmetlitzky@conmetkane.com

BETH A. STEWART (*pro hac vice*)
DAVID RANDALL J. RISKIN (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel:   (202) 434-5000
Fax:   (202) 434-5029
Email:  bstewart@wc.com
Email:  driskin@wc.com

*Attorneys for Lyft, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURIE SPANO,<br><br>         Plaintiff<br><br>    v.<br><br>LYFT, INC., a Delaware Corporation; and DOES 1 through 50, Inclusive,<br><br>         Defendants. | Case No. 3:24-cv-00799-AMO<br><br>**LYFT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)(6), 9(b)]**<br><br>Complaint filed:   February 9, 2024<br><br>Date:   June 6, 2024<br>Time:  2:00 PM<br>Place:  San Francisco Courthouse<br>            Courtroom 10, 19th Floor<br><br>Judge: Hon. Araceli Martínez-Olguín |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT ................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 2

ALLEGATIONS ................................................................................................................................ 3

ARGUMENT ..................................................................................................................................... 4

I.     PLAINTIFF'S COMMON-CARRIER AND VICARIOUS-LIABILITY THEORIES FAIL UNDER GOVERNING TEXAS LAW ................................................................. 4

    A.     Lyft Cannot Be Liable as a Common Carrier. ............................................... 5

    B.     Lyft Is Not Vicariously Liable for the Driver's Criminal Conduct. ............................ 6

II.     THE MISREPRESENTATION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AND CONTRACT CLAIMS FAIL ................................................................. 7

    A.     Plaintiff Has Not Alleged Any Actionable Misrepresentations. ................................. 8

    B.     Negligent Infliction of Emotional Distress Is Not an Independent Claim. ................. 10

    C.     Plaintiff Has Not Alleged Any Contract or Breach. ..................................... 10

CONCLUSION ................................................................................................................................ 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ahern v. Apple Inc.*, 411 F. Supp. 3d 541 (N.D. Cal. 2019) ........................................................ 9

*Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524 (9th Cir. 2011) ...................................... 4

*Arno v. Club Med Inc.*, 22 F.3d 1464 (9th Cir. 1994) .................................................................. 5

*Baker v. Great Northern Energy, Inc.*, 64 F. Supp. 3d 965 (N.D. Tex. 2014) ......................... 8, 10

*Brackett v. American Airlines Group Inc.*, 2021 WL 3514012 (N.D. Cal. Aug. 10, 2021) .......... 10

*Brown v. Bank of America, N.A.*, 2018 WL 6164288 (C.D. Cal. Aug. 2, 2018) ............................ 9

*Cassirer v. Thyssen-Bornemisza Collection Foundation*, 89 F.4th 1226 (9th Cir. 2024) ......... 4, 5

*Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156 (N.D. Cal. 2021) .......................................... 8, 9

*Doe v. Geo Group, Inc.*, 2017 WL 835209 (W.D. Tex. Mar. 2, 2017) ....................................... 6, 7

*Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003) ................................................................. 4

*Linenweber v. Southwest Airlines Co.*, --- F. Supp. 3d ----,
    2023 WL 6149106 (N.D. Tex. Sept. 19, 2023) ................................................................. 9, 10

*M.D.C.G. v. United States*, 956 F.3d 762 (5th Cir. 2020) ............................................................. 6

*Muse Brands, LLC v. Gentil*, 2015 WL 4572975 (N.D. Cal. July 29, 2015) .................................. 8

*Ocwen Loan Servicing LLP v. Smalley*, 2015 WL 9873741 (N.D. Tex. Nov. 6, 2015), *report
    and recommendation accepted*, 2016 WL 236005 (N.D. Tex. Jan. 20, 2016) ....................... 10

*In re Plains All American Pipeline, L.P. Securities Litigation*,
    245 F. Supp. 3d 870 (S.D. Tex. 2017) ....................................................................................... 9

*In re Lyft Inc. Securities Litigation*, 484 F. Supp. 3d 758 (N.D. Cal. 2020) ................................. 9

*Rodgers v. Ocwen Loan Servicing, LLC*, 2015 WL 8003209 (N.D. Tex. Dec. 7, 2015) .............. 10

*Ryan v. Brookdale International Systems, Inc.*, 2007 WL 3283655 (S.D. Tex. Nov. 6, 2007) ..... 8

*Webb v. Everhome Mortgage*, 704 F. App'x 327 (5th Cir. 2017) .................................................. 9

*White v. Social Security Administration*, 111 F. Supp. 3d 1041 (N.D. Cal. 2015) ..................... 10

*Wilson v. Korth Direct Mortgage, Inc.*, 2023 WL 8569084 (N.D. Tex. Dec. 11, 2023) ................ 6

*Yamauchi v. Cotterman*, 84 F. Supp. 3d 993 (N.D. Cal. 2015) ..................................................... 9

**STATE CASES**

*BankDirect Capital Finance, LLC v. Plasma Fab, LLC*, 519 S.W.3d 76 (Tex. 2017) .......................... 5

*Baptist Memorial Hospital System v. Sampson*, 969 S.W.2d 945 (Tex. 1998) ................... 7

*Buck v. Blum*, 130 S.W.3d 285 (Tex. App. 2004) ................................................................ 6

*Cansino v. Bank of America*, 224 Cal. App. 4th 1462 (2014) ........................................ 8, 9

*Castro v. Budget Rent-A-Car System, Inc.*, 154 Cal. App. 4th 1162 (2007) ....................... 5

*Chen v. Los Angeles Truck Centers, LLC*, 42 Cal. App. 5th 488 (2019) ............................. 5

*Doe v. Lyft, Inc.*, 176 N.E.3d 863 (Ill. App. Ct. 2020) ........................................................ 5

*Goolsby v. Kenney*, 545 S.W.2d 591 (Tex. App. 1976) ..................................................... 7

*Hernandez v. Burger*, 102 Cal. App. 3d 795 (1980) ......................................................... 4

*In re Gamble*, 676 S.W.3d 760 (Tex. App. 2023) .............................................................. 7

*Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal. 4th 291 (1995) ................... 6

*McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68 (2010) ..................................................... 5

*Offshore Rental Co. v. Continental Oil Co.*, 22 Cal. 3d 157 (1978) ................................... 5

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965 (1993) ......................................... 10

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) ............................................................ 7

*Textron v. Travelers Casualty & Surety Co.*, 45 Cal. App. 5th 733 (2020) ........................ 8

*Tindell v. Murphy*, 22 Cal. App. 5th 1239 (2018) ............................................................. 8

**STATUTES & RULES**

California Public Utilities Code § 5354 .............................................................................. 7

California Public Utilities Code § 5431 .............................................................................. 7

Federal Rule of Civil Procedure 9 ...................................................................................... 1

Federal Rule of Civil Procedure 12 .................................................................................... 1

Texas Occupations Code § 2402.002 ........................................................................ 2, 4, 5

**OTHER AUTHORITIES**

Restatement (Second) of Agency § 267 (American Law Institute 1958) ........................... 7

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE that on Thursday, June 6, 2024, at 2:00 PM, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, in Courtroom 10 on the 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Araceli Martínez-Olguín, Lyft, Inc. will present a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

The Court should dismiss the following claims with prejudice for the reasons detailed below: common-carrier negligence (Claim 3); intentional misrepresentation (Claim 5); negligent misrepresentation (Claim 6); negligent infliction of emotional distress (Claim 7); breach of contract (Claim 8); and vicarious liability (Compl. (Feb. 9, 2024) [ECF 1], ¶¶ 210–50).

Lyft's motion is based on this notice and the memorandum of points and authorities below.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should dismiss with prejudice Plaintiff's causes of action for common-carrier negligence; intentional misrepresentation; negligent misrepresentation; negligent infliction of emotional distress; breach of contract; and vicarious liability for failure to state a claim.

# MEMORANDUM OF POINTS AND AUTHORITIES

Founded in 2012, Lyft became the first U.S. company to establish a peer-to-peer, on-demand transportation network—what the world now knows as "ridesharing." Lyft's network, accessible through a digital application, created a marketplace enabling people seeking transportation to match with people providing rides. Lyft, in effect, modernized and expanded the transportation call center, building a platform that allowed people providing rides to connect with people who needed them.

Safety is, and has been, at the heart of Lyft's mission. From its inception more than a decade ago, Lyft's ridesharing network offered safety features that other transportation options did not. Every rider using the Lyft network received information, including the driver's license plate, photo, and first name, before getting in the car. Each trip produced a GPS log of the route and time, and riders had an opportunity to rate their ride and provide feedback once the ride was over.

Tens of millions of riders and millions of drivers use the Lyft network to arrange rides every year. Those rides, unfortunately, are not immune from larger societal issues. Plaintiff here alleges that on April 17, 2023 in Texas, she took a ride arranged through the Lyft platform while intoxicated. She says the driver then forced her to perform oral sex in the car. But Plaintiff has not sued the driver—she instead has sued Lyft, seeking to hold it wholly liable for the driver's alleged actions. Lyft is confident Plaintiff cannot prove her claims against Lyft; this motion addresses a subset of those claims, each of which fails:

Plaintiff's theory that Lyft is a common carrier (including her specific claim for "common-carrier negligence") and her allegations of vicarious liability fail under governing Texas law. Texas law applies because Plaintiff is a resident of Texas and was injured by an alleged tort in Texas. The Texas legislature has deemed transportation-network companies and drivers on their platforms "not common carriers," Tex. Occ. Code § 2402.002, conclusively foreclosing any theory arising from Lyft's supposed common-carrier status. Plaintiff's vicarious-liability claims founder given that criminal conduct (such as sexual battery) is outside the scope of any business relationship between Lyft and drivers on the platform.

Plaintiff's causes of action for misrepresentation, negligent infliction of emotional distress, and breach of contract are each meritless under both California and Texas law—which are not

substantively different as to these claims. Plaintiff's misrepresentation theories fail for multiple reasons, including because Plaintiff alleges no actionable misrepresentation on which she relied. Her general statements about Lyft's commitment to safety—and the snippets of unsourced material in her complaint—are insufficient to satisfy her burden, and non-actionable in all events.

The negligent-infliction-of-emotional-distress claim fails as a matter of law because neither California nor Texas recognize it as an independent cause of action. (The theory, at most, duplicates her general-negligence cause of action.)

Finally, Plaintiff's contract claim cannot stand because Plaintiff has not alleged any particular contract between her and Lyft, nor identified any specific alleged breach.

## ALLEGATIONS

Plaintiff asserts that on April 17, 2023, after a golf tournament, her friend requested a ride for Plaintiff on the Lyft platform. (Compl. ¶ 58.) Plaintiff "recalls that she … vomited in the" car, and she alleges the "driver forced Plaintiff to perform oral sex" during the ride. (Compl. ¶ 59.) Later, she alleges, her friend found her "on the bathroom floor, topless [with] the bathroom faucet … running" and called an ambulance after Plaintiff told her what happened during the ride. (Compl. ¶ 60.) Plaintiff says she received a SANE exam and other tests at the hospital (Compl. ¶ 61), that the driver was "arrested after he was identified by both Plaintiff and her friend" (Compl. ¶ 62), and that the "police investigation/prosecution is active and ongoing" (Compl. ¶ 62).

Plaintiff filed suit on February 9, 2024, alleging "serious harm … as a result of the wrongful acts and omissions of" Lyft (Compl. ¶ 57)—including being "traumatized by" the assault, which "has severely impacted her daily life" (Compl. ¶ 63). Eight of the complaint's 261 paragraphs specifically address Plaintiff's alleged incident; the remainder deploy general allegations about Lyft.

The complaint asserts twelve claims against Lyft, which fall into several categories:

- Negligence: general (Claim 1); hiring, retention, and supervision (Claim 2); common carrier (Claim 3); failure to warn (Claim 4); infliction of emotional distress (Claim 7).
- Fraud: intentional misrepresentation (Claim 5); negligent misrepresentation (Claim 6).
- Contract: breach of contract (Claim 8).
- Strict products liability: design defect (Claim 9); failure to warn (Claim 10).

3

- Vicarious liability: for the "driver's torts" and for "sexual battery" (Compl. ¶¶ 210–50).

## ARGUMENT

## I. PLAINTIFF'S COMMON-CARRIER AND VICARIOUS-LIABILITY THEORIES FAIL UNDER GOVERNING TEXAS LAW

Plaintiff's theory that Lyft is a common carrier (Claim 3; Compl. ¶¶ 1, 67, 71–73, 230–32 (Lyft's supposed common-carrier status)) is unavailable because by Texas statute, Lyft is "not [a] common carrier[]," Tex. Occ. Code § 2402.002. Plaintiff's vicarious-liability claims (Compl. ¶¶ 210–50) fail because the driver's alleged conduct is outside the scope of any employment.[1]

\* \* \* \* \*

When a district court hears state-law claims in diversity, the forum state's choice-of-law principles determine the governing law. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011); *Deutsch v. Turner Corp.*, 324 F.3d 692, 716 (9th Cir. 2003). Here, because Plaintiff brought her action in a California court against a California company alleging an incident in Texas, California's choice-of-law test selects between California and Texas law. Under California's "governmental-interest" test for choice of law, the court first determines whether the potentially-applicable laws are different and, if so, asks which state has the greater interest in having its law applied. *See, e.g.*, *Cassirer v. Thyssen-Bornemisza Collection Found.*, 89 F.4th 1226, 1234 (9th Cir. 2024); *Deutsch*, 324 F.3d at 716. Applying that test here compels application of Texas law.

Regarding Plaintiff's common-carrier theory, a Texas statute provides that "transportation network companies [like Lyft] and drivers logged in to the company's digital network are not common carriers." Tex. Occ. Code § 2402.002. California's common-carrier statute, by contrast, does not expressly comment on a transportation-network company's liability.[2] In light of this difference, Texas' predominant governmental interest controls. *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (1980) ("[W]ith respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest."). After all, when a plaintiff is a resident of a

---

[1] Drivers on the Lyft platform are independent contractors, but Lyft need not argue that status to prevail here; reserving its rights, Lyft does not argue the employee-contractor distinction here.

[2] Lyft disputes it would be a common carrier even under California law, but the Court need not decide that issue because California's governmental-interest test selects Texas law.

foreign state and was injured by a tort in a foreign state, the foreign state has the greater interest in setting the defendant's liability. *See, e.g.*, *Cassirer*, 89 F.4th at 1239–43; *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 98–101 (2010); *Castro v. Budget Rent-A-Car Sys., Inc.*, 154 Cal. App. 4th 1162, 1180–82 (2007); *Offshore Rental Co. v. Cont'l Oil Co.*, 22 Cal. 3d 157, 168 (1978).

Texas' not-a-common-carrier statute effectuates Texas' interest in attracting transportation network companies to do business in the state, both to "obtain tax and other revenue" and to "advance the opportunity of state residents to obtain employment and the products and services offered by out-of-state companies." *Chen v. L.A. Truck Ctrs., LLC*, 42 Cal. App. 5th 488, 497–98, 502 (2019). California, by contrast, has little interest in regulating another state's relationship with a transportation-network company, particularly where the underlying conduct occurred outside California and involved a non-California plaintiff. *See Offshore*, 22 Cal. 3d at 168 ("At the heart of Louisiana's denial of liability lies the vital interest in promoting freedom of investment and enterprise within [its] borders …. The imposition of liability on defendant[s], therefore, would strike at the essence of a compelling Louisiana [interest].").

Regarding vicarious liability, insofar as there are differences between California and Texas law, Texas law applies for similar reasons: Texas has the predominant interest in policing activity within its borders and "reliably defining the duties and scope of liability of an employer doing business within its borders." *Arno v. Club Med Inc.*, 22 F.3d 1464, 1468 (9th Cir. 1994).

### A. Lyft Cannot Be Liable as a Common Carrier.

Texas Occupations Code § 2402.002 is unequivocal that "[t]ransportation network companies and drivers" on their platforms "are not common carriers." This unambiguous statement precludes Lyft's possible status as a common carrier. *See BankDirect Cap. Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 80 (Tex. 2017) ("[T]he truest manifestation of what lawmakers intended is what they enacted. The Legislature expresses its intent by the words it enacts and declares to be the law." (quotations omitted)). An Illinois appellate court interpreting a similar statute held as much, finding—by "declaring that [transportation-network companies] are not common carriers"— the statute "clearly and expressly exempts [rideshare companies] from the standards of liability that apply to common carriers." *Doe v. Lyft, Inc.*, 176 N.E.3d 863, 873–74 (Ill. App. Ct. 2020).

**B.    Lyft Is Not Vicariously Liable for the Driver's Criminal Conduct.**

Plaintiff's assertion that the driver engaged in criminal conduct—sexual battery—forecloses any vicarious liability for Lyft. Although in some circumstances vicarious liability may lie for an employee's intentional torts, that only is the case when the tort "is closely connected with the employee's authorized duties." *Wilson v. Korth Direct Mortg., Inc.*, 2023 WL 8569084, at *2 (N.D. Tex. Dec. 11, 2023) (quotation omitted). But courts in and of "Texas have repeatedly held that assault or sexual assault committed by an employee is outside the scope of … employment." *Id.* (collecting sources).[3] That should be the end of the matter.

To circumvent this well-established law, Plaintiff first says the pleaded sexual misconduct was within the scope of the employment because she came into contact with her assailant in connection with him driving on the Lyft platform. (Compl. ¶¶ 217–28, 248.) But the fact the alleged employment may have brought a perpetrator and victim together does not control; if, as here, the alleged employment "was only … a means for [an employee's] inappropriate personal gratification," there is no vicarious liability. *Geo*, 2017 WL 835209, at *3 (quoting *Buck v. Blum*, 130 S.W.3d 285, 289–90 (Tex. App. 2004)). The intentional tort must be "committed in the accomplishment of a duty entrusted to the employee" for there to be such liability. *M.D.C.G.*, 956 F.3d at 769 (quotation omitted). Here, there is no connection between the driver's "duty" of providing a ride and sexual battery. *See, e.g.*, *id.* (sexual assault "constituted such a deviation from his employer's goals that there was a complete absence of a causal connection between his actions and his authorized employment tasks [as border agent]"). These principles also dispose of Plaintiff's related assertion that the alleged perpetrator's role as a driver on the Lyft platform "gave him unique power over passengers." (Compl. ¶¶ 225–26, 228); *see M.D.C.G.*, 956 F.3d at 769–70 (border agent's authority to detain and use force did not bring sexual battery within scope of employment); *Geo*, 2017 WL 835209, at *2–3 (same for corrections officer's authority).

Plaintiff then shifts entirely, contending that the vicarious-liability claims are available "whether or not [the] conduct occurred in the course and scope of employment" because Lyft is a

---

[3] *See also, e.g.*, *M.D.C.G. v. United States*, 956 F.3d 762, 769–70 (5th Cir. 2020) (Texas law); *Doe v. Geo Grp.*, 2017 WL 835209, at *2–3 (W.D. Tex. Mar. 2, 2017). The same is true in California. *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 300–01 (1995).

1  common carrier. (Compl. ¶¶ 230–31.) That is wrong, because Lyft is not a common carrier under
2  governing law. Trying another tack, Plaintiff says "Lyft has a non-delegable duty to transport its
3  passengers safely." (Compl. ¶¶ 232, 234.) But non-delegable duties hold a principal liable for an
4  independent contractor's negligence within the scope of the authorized work. *Goolsby v. Kenney*,
5  545 S.W.2d 591, 593–94 (Tex. App. 1976). "No recovery may be allowed for an injury resulting
6  from an act or fault purely collateral to the work and which arises entirely from the wrongful act of
7  the independent contractor or his employees." *Id.* at 594. In other words, scope of "employment"
8  governs the non-delegable-duty analysis as well.[4]

9  Plaintiff separately argues vicarious liability under two additional theories: *First*, she alleges
10 apparent agency. (Compl. ¶¶ 236–42.) That is beside the point: vicarious liability under the
11 doctrine is limited to "acts … within the scope of employment," which fails as detailed above.
12 Restatement (Second) of Agency § 267 cmt. b (1958); *accord Baptist Mem'l Hosp. Sys. v. Sampson*,
13 969 S.W.2d 945, 949 (Tex. 1998) (endorsing Restatement § 267). *Second*, Plaintiff says Lyft is
14 vicariously liable under California Public Utilities Code § 5354. (Compl. ¶¶ 213–15.) But Texas
15 law applies to Plaintiff's vicarious-liability claim, and a California statute does not regulate conduct
16 in Texas. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1206–09 (2011) (applying presumption
17 against extraterritoriality); *see also* Cal. Pub. Util. Code § 5431(c) (applying to transportation-
18 network companies "operating in California"). Moreover, § 5354 does not purport to create a
19 general vicarious-liability scheme; rather, it is limited to vicarious claims arising from "construing
20 and enforcing the provisions of th[e] chapter relating to the prescribed privileges and obligations of
21 the holder of a permit." None of the "prescribed privileges and obligations" is the subject of the
22 vicarious-liability claims here.

23 **II.    THE MISREPRESENTATION, NEGLIGENT INFLICTION OF EMOTIONAL
24          DISTRESS, AND CONTRACT CLAIMS FAIL**

25 Plaintiff cannot proceed on her claims for intentional and negligent misrepresentation
26 (Claims 5 & 6); negligent infliction of emotional distress (Claim 7); or breach of contract (Claim 8)

---

28 [4] Non-delegable duties may be doubly irrelevant to vicarious liability here, as at least one Texas court has explained they are "a theory of *direct* negligence." *Geo*, 2017 WL 835209, at *6. *But see In re Gamble*, 676 S.W.3d 760, 786 (Tex. App. 2023) (noting the opposite).

under either California or Texas law. Because these states' laws do not differ with respect to the issues raised by Lyft's arguments, California's choice-of-law rules favor "its own rules of decision." *Textron v. Travelers Cas. & Sur. Co.*, 45 Cal. App. 5th 733, 755 (2020) (quotation omitted).

### A.  Plaintiff Has Not Alleged Any Actionable Misrepresentations.

In support of her claims for intentional and negligent misrepresentation, Plaintiff identifies two sets of statements: (i) a pair of blog posts from 2015 and 2016 (Compl. ¶ 43); and (ii) unidentified instances where Lyft "actively markets itself as a safe company that provides safe rides" (Compl. ¶¶ 75, 77–78, 159, 171). She has not alleged a misrepresentation claim based on either.

To prevail on a claim of intentional misrepresentation under either California or Texas law, a plaintiff must establish: "(1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014); *accord Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 972–73 (N.D. Tex. 2014). Negligent misrepresentation has similar elements, but it requires the absence of "reasonable ground for believing" the misrepresentation to be true, instead of "knowledge of falsity." *Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1252 (2018); *accord Baker*, 64 F. Supp. 3d at 978 (plaintiff must show "defendant did not exercise reasonable care or competence in obtaining or communicating the information" (quotation omitted)).

***Blog posts:*** Plaintiff never alleges the statements in the two posts were false, or that Lyft believed them to be false (or lacked a reasonable ground for believing them). *See, e.g.*, *Muse Brands, LLC v. Gentil*, 2015 WL 4572975, at *4–6 (N.D. Cal. July 29, 2015) (dismissing intentional- and negligent-misrepresentation claims where plaintiff did not allege falsity or a lack of reasonable belief); *Baker*, 64 F. Supp. 3d at 973–74, 978–79 (similar). Nor does Plaintiff even say she saw either post (or even visited a Lyft blog), much less that she relied on either in taking the April 2023 ride arranged through the Lyft platform *by another person*. *See Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1178, 1183–84 (N.D. Cal. 2021) (dismissing intentional- and negligent-misrepresentation claims for lack of reliance); *Ryan v. Brookdale Int'l Sys., Inc.*, 2007 WL 3283655, at *7 (S.D. Tex. Nov. 6, 2007) (dismissing claims for failing to allege "when an advertisement … was seen or heard"). (Reliance would be difficult for her to plausibly allege, given the posts were

from at least seven years before a ride she did not personally request.)  These pleading deficiencies foreclose her claim.

*General statements about safety:*  Plaintiff's allegations regarding the general, unidentified statements about safety are similarly deficient.  The complaint does not say where these statements came from, their context, or even what the statements actually were.  Rather, Plaintiff only asserts that "periodic emails … social media advertisements, and Lyft's … website and app" (Compl. ¶ 161) "cultivate[d]" a "safe image" that "suggests to customers, including Plaintiff, that riding while intoxicated with Lyft is safe."  (Compl. ¶ 82; *see also* Compl. ¶¶ 159, 161, 176.)

Plaintiff's failure to identify any specific misstatement is fatal to her general-safety-statement claims:  Without identifying a particular alleged misrepresentation, she can plead none of the required elements of her claims.  *See Brown v. Bank of Am., N.A.*, 2018 WL 6164288, at *3 (C.D. Cal. Aug. 2, 2018) (intentional and negligent misrepresentation); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015) (same); *Webb v. Everhome Mortg.*, 704 F. App'x 327, 329–30 (5th Cir. 2017) (affirming dismissal of Texas-law fraud claim).  And in all events, vague, general statements about safety of the type to which Plaintiff points cannot support a misrepresentation claim.  Alleged false statements must "pertain to past or existing material facts," *Cansino*, 224 Cal. App. 4th at 1469, and must be "amenable to general verification or falsification," *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 557 (N.D. Cal. 2019) (quotation omitted); *see also In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 245 F. Supp. 3d 870, 891 (S.D. Tex. 2017) ("generalized positive statements" are nonactionable "puffery").  General opinions that safety is, for example, "important" or "a top priority" do not surmount these hurdles.  *See In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 770–71 (N.D. Cal. 2020) ("Lyft's statements regarding its commitment to safety" were not actionable because they "did not state that Lyft guaranteed safety, but instead emphasized its belief in the importance of trust and safety and its commitment to both."); *accord Cork*, 534 F. Supp. 3d at 1177 (statement that community residents experienced "a sense of security" was not actionable misrepresentation, but merely "vague or highly subjective" puffery); *Plains*, 245 F. Supp. 3d at 900 ("committed to public safety" nonactionable); *Linenweber v. Southwest Airlines Co.*, --- F. Supp. 3d ----, 2023 WL 6149106, at *5 (N.D. Tex. Sept. 19, 2023) (holding "generalized statements about

prioritization of safety not actionable" (citation omitted)).

For multiple reasons, then, Plaintiff's misrepresentation claims fail.

### B. Negligent Infliction of Emotional Distress Is Not an Independent Claim.

Plaintiff purports to bring a standalone claim for "negligent infliction of emotional distress," but that is not an independent cause of action. California law knows "no independent tort of negligent infliction of emotional distress." *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1054 (N.D. Cal. 2015) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)). Texas law is the same. *See Ocwen Loan Servicing LLP v. Smalley*, 2015 WL 9873741, at *4 (N.D. Tex. Nov. 6, 2015) ("no such cause of action exists"), *report and recommendation accepted*, 2016 WL 236005 (N.D. Tex. Jan. 20, 2016).

### C. Plaintiff Has Not Alleged Any Contract or Breach.

Plaintiff asserts, in four spare paragraphs, that she entered into an unspecified contract for "safe and reasonable transportation," and that Lyft breached unspecified terms. (Compl. ¶¶ 189–192.) This boilerplate states no cognizable claim under California or Texas law.

To proceed on a breach-of-contract claim, a plaintiff must plead, among other things, "the specific provisions in the contract creating the obligation the defendant is said to have breached." *Brackett v. Am. Airlines Grp. Inc.*, 2021 WL 3514012, at *2 (N.D. Cal. Aug. 10, 2021) (quotation omitted); *accord Rodgers v. Ocwen Loan Servicing, LLC*, 2015 WL 8003209, at *3 (N.D. Tex. Dec. 7, 2015). Plaintiff has not done so. *See Brackett*, 2021 WL 3514012, at *2 (dismissing because "Plaintiff fails to identify the contractual terms that were allegedly breached"); *Rodgers*, 2015 WL 8003209, at *3 (dismissing because, among other failures, "plaintiffs do not point to any specific provision that the defendant breached" (citation omitted)); *Baker*, 64 F. Supp. 3d at 971 ("must point to a specific provision" (quotation omitted)). Nor has she even said whether the allegedly breached contract was written, oral, or implied.[5] To be sure, she asserts the "essence" of her contract with Lyft "was the payment of a fee … in exchange for safe and reasonable transportation." (Compl. ¶ 190.) But this does not say anything about any specific provision breached. In all events, she concedes she did not request the Lyft ride at all, foreclosing entirely a contract claim. (Compl. ¶ 58.)

---

[5] If Plaintiff's theory is that she had an implied contract with Lyft because Lyft is a common carrier, that fails at least because Lyft is not a common carrier.

# CONCLUSION

For the reasons detailed above, the Court should dismiss the complaint with prejudice.

Dated: April 15, 2024

Respectfully submitted,

By: */s/ Warren Metlitzky*

Warren Metlitzky (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: wmetlitzky@conmetkane.com

Beth Stewart (*pro hac vice*)
David Randall J. Riskin (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel:   (202) 434-5000
Fax:   (202) 434-5029
Email:  bstewart@wc.com
Email:  driskin@wc.com

*Attorneys for Lyft, Inc.*